UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-36291 |
| BASELINE OIL & GAS CORP., | § | |
| | § | JOINT ADMINISTRATION REQUESTED |
| Debtor. | § | |
| | § | |
| | § | (Chapter 11) |

### DECLARATION OF RHETT G. CAMPBELL AND
### DISCLOSURE OF COMPENSATION PURSUANT TO
### 11 U.S.C. § 329 AND FED. R. BANKR. P. 2014(a) AND 2016(b)

Pursuant to 28 U.S.C. § 1756, Rhett G. Campbell declares as follows:

1. My name is Rhett G. Campbell. I am over the age of 21 years and have personal knowledge of the facts as stated in this Declaration.

2. I am a partner in the firm of Thompson & Knight LLP ("T&K"), 333 Clay Street, Suite 3300, Houston, Texas 77002. I submit this Declaration in Support of the Application for an Order Authorizing the Retention and Employment of Thompson & Knight LLP as Counsel to the Debtor and Debtor-in-Possession (the "Application"). T&K is willing to accept employment on the basis set forth in the Application.

3. I am duly admitted to practice before all courts of the State of Texas, the Fifth Circuit Court of Appeals as well as this Court. I am a member in good standing of the State Bar of Texas. All the attorneys of T&K who will work on this case are admitted to practice in this State and before this Court, or will seek admission *pro hac vice*. The T&K attorneys who will work on this case have substantial experience in bankruptcy cases, unless otherwise noted and, in the case of attorneys whose expertise is outside of bankruptcy, their special knowledge and

experience is necessary for the proper representation of Baseline Oil & Gas Corp. (the "Debtor") herein.

4. T&K's practice involves almost all areas of law, with particular emphasis on business and financial matters and civil litigation. I and those of my partners and associates who practice in the bankruptcy/creditors' rights areas are experienced in bankruptcy, corporate reorganization and debtor/creditor relations.

5. The Debtor has retained T&K to provide advice and representation concerning the restructuring of its financial affairs and its indebtedness to various entities and its debtor /creditor relationship generally.

## General Statement

6. Except as otherwise disclosed herein, and insofar as I have been able to ascertain after due diligence, neither I, T&K, nor any partner, associate, or counsel of T&K, represent any party-in-interest or any other entity other than the Debtor in connection with this chapter 11 case. Thus, T&K is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. T&K's due diligence has revealed that T&K:

   a. does not hold or represent any interest adverse to the Debtor's estate; T&K is disinterested so as to render T&K eligible to serve as counsel for the Debtor under Bankruptcy Code § 327(a);

   b. is not a creditor, a security holder, or insider of any of the Debtor and does not represent any entity (or its attorneys or accountants) other than the Debtor in connection with the Debtor's case;

   c. is not, and was not, within two (2) years before the Petition Date, a director, officer or employee of the Debtor;

   d. does not have any interest materially adverse to the interest of the Debtor's estate or any class of creditors or equity security holders

              of the Debtor, by reason of any direct or indirect relationship to, connection with, or any interest in, the Debtor or for any other reason; and

      e.      has no connections with the Debtor, its creditors, equity interest holders, or any party-in-interest herein, or with the respective attorneys or accountants of the foregoing, or with the Office of the U.S. Trustee or any person employed with the U.S. Trustee (the "U.S. Trustee"), except as set forth herein.

      7.      Although T&K has, in connection with unrelated matters, certain relationships with other parties-in-interest and other professionals involved in this chapter 11 case, as more fully described below, T&K has not represented any other party in connection with matters relating to the Debtor or the Debtor's estate in this case or in connection with the matters that are the subject of this chapter 11 proceeding.

## SEARCH AND DISCLOSURE PROCEDURES

      8.      In preparing this Declaration, and to track and clear potential conflicts of interest in this case, T&K has reviewed its master client database and conflicts database system.

      9.      T&K maintains and operates a computer database of all matters in which T&K is involved to avoid (i) conflicts of interest and (ii) violating applicable rules of professional responsibility. Based on the conflict searches performed to date and to the best of my knowledge, T&K does not have a conflict and does not represent any person or entity other than the Debtor in connection with this matter. In the interest of full disclosure, T&K discloses that it has represented certain creditors, noteholders and parties-in-interest in this case in other matters unrelated to this chapter 11 proceeding, to wit: Jefferies & Company, Inc., including certain of its affiliates; Third Point LLC, including certain of its affiliates; Bank of New York Mellon Trust Company, N.A.; Lehman Brothers Holdings, Inc., and various of its affiliates; and PriceWaterhouse Coopers as administrator for Lehman Brothers International (Europe), and its

affiliates; Alan P. Gaines; AT&T; Baker Hughes; Byron Watson Trucking, Inc.; Cactus Oilfield Services; Cactus Tool Company; Cameron Equipment; Cawley Gillespie & Assoc.; JP Morgan Chase Bank; Chevron Texaco Exploration and Production Co.; Compass Bank; Compressor Systems, Inc.; GE Capital; Gold King Energy Partners I, LP; Grey Wolf Drilling Co. LP; Halliburton Energy Services; J-W Operating Company; Key Energy Services, Inc.; Malone & Bailey, PLLC; Nabors Well Services, Ltd.; National Oilwell; Netherland Sewell & Assoc.; Padre Tubular Inc.; Patterson UTI Drilling Co.; Schlumberger Technology Corp.; Smith International; Verizon Wireless; Weatherford US, LP (and affiliates); and Wells Fargo Bank.  To reiterate, T&K does not represent and has not represented any of the listed entities in connection with this matter.  Additionally, T&K discloses that it represented Jefferies & Co., Inc., in connection with a financing transaction with Debtor in 2007, a matter now concluded.

10. In reaching the conclusions and the disclosures made herein, T&K has searched its electronic database for its connection to and relationship with entities in the following categories:

    a. Debtor;

    b. Officers, directors, and control persons of the Debtor;

    c. Significant creditors and key vendors/suppliers of the Debtor;

    d. Counterparties to material leases, contracts, and financial agreements;

    e. Adversaries in litigation matters;

    f. Professionals identified for employment by the Debtor;

    g. The office of the U.S. Trustee and other persons employed by the U.S. Trustee; and

    h. Other known parties-in-interest in this case.

## SUMMARY OF CONFLICT ANALYSIS

11. From time to time, T&K may have represented in the past, may currently represent, and likely in the future will represent creditors and other parties-in-interest of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 case. Under no circumstances has T&K agreed to nor will it represent any creditors of the Debtor or affiliates of such creditors in connection with this Chapter 11 case.

12. T&K is a large law firm with hundreds of attorneys. As such, T&K may have "connections" with many of the attorneys and other professionals involved in this chapter 11 case. T&K may have referred matters to professionals involved in this Chapter 11 case and it may have been referred matters by such parties. T&K may represent or have, from time to time, represented one or more of the professionals involved in this Chapter 11 case.

13. The results of this conflict analysis confirm that T&K is "disinterested" within the meaning of Bankruptcy Code § 101(14). The disclosures made herein are disclosed out of an abundance of caution. Moreover, although T&K may now represent, or have in the past represented, certain creditors or parties in interest, we will not represent any entity other than the Debtor in connection with this chapter 11 case. Furthermore, to the extent the Debtor's interests become adverse to a current client of T&K in a matter related to this chapter 11 case, the Debtor will utilize local counsel, creditors committee counsel, or alternatively seek court approval to employ and retain special "conflicts" counsel to represent the Debtor in such matters.

14. T&K currently employs approximately 420 lawyers in 14 offices worldwide. Its client base includes thousands of large and small public and private corporations, government agencies, banks, insurance companies, investment banking firms, partnerships, non-profit organizations, estates, trusts, and individuals. Hundreds of parties in interest may be involved in

the Debtor's Chapter 11 case. Thus, the process of physically cross-checking the names of all of those entities with T&K's client database would be extraordinarily burdensome, time consuming and costly. Any legal work that T&K might have done for any party in interest on matters unrelated to this case should not preclude T&K's representation of the Debtor because such work is unrelated to the Debtor's chapter 11 case.

15. T&K has made an effort, and will continue to make an effort, to set materiality thresholds with respect to its due diligence search with respect to any connections T&K may have with these creditors and parties in interest in the Debtor's chapter 11 case. T&K periodically will review its files during the pendency of the case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, T&K will promptly file a supplemental declaration.

## PAYMENTS TO T&K

16. On March 30, 2009, the Debtor provided T&K with a $200,000.00 retainer (the "Retainer") in connection with restructuring and reorganization advice. Since March 30, 2009 and for the period March 30, 2009 through August 27, 2009, the Debtor has paid T&K the amount of $1,263,165 (including draws from the retainer) in connection with this chapter 11 proceeding, including the drafting and soliciting of the prepackaged chapter 11 plan and disclosure statement; $144,975 of that amount came from the retainer, so that there is a balance held by T&K in its trust account of $55,025 on the date of filing. Accordingly, after payment of all prepetition fees and disbursements, T&K holds no claim against the Debtor's estate. Although T&K received payment for services rendered during the ninety (90) days preceding the Petition Date, none of the payments are subject to an avoidance as a preference.

## BENEFITS TO THE ESTATES

17.     T&K's experience and expertise, as well as its familiarity with the Debtor and its business, will substantially benefit the Debtor's estates by allowing T&K to provide effective and efficient legal services in this Chapter 11 case.  Through its prepetition representation of the Debtor and its recognized knowledge and experience in virtually all aspects of this Chapter 11 bankruptcy case, T&K is uniquely able to assist the Debtor in its reorganization to maximize the value of its estates for the benefit of creditors and other interested parties.

18.     Subject to this Court's approval, and in accordance with T&K's agreement with the Debtor, T&K intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered, and (b) seek reimbursement of actual and necessary out-of-pocket expenses in connection with the rendition of legal services in accordance with T&K's policies for all clients.[1]  T&K will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described in the Application.

19.     The fees charged by T&K are based upon hourly rates, which are periodically adjusted in the normal course of the firm's business.  T&K and the Debtor have agreed that the standard structure used by the firm will apply to fees charged in connection with this case.  The hourly rates in practice currently range from $450.00 to $745.00 for partners, $265.00 to $625.00 for counsel and associates, and $100.00 to $215.00 for legal assistants and support staff.  My current hourly rate for this matter is $710.00 per hour.  T&K and its professionals will keep track of their billings on a tenth of an hour basis with time charges allocated in accordance with the categories set forth by the U.S. Trustee.

---

[1] Hourly rates charged by T&K professionals differ based on professional's level of experience and the rates normally charged in the location of the office in which the professional is a resident.

**DECLARATION OF RHETT G. CAMPBELL AND
DISCLOSURE OF COMPENSATION PURSUANT TO
11 U.S.C. § 329 AND FED. R. BANKR. P. 2014(A) AND 2016(B) - PAGE 7**
513796 000004 HOUSTON 638257.5

20. Other than the Debtor's agreement to compensate T&K at its regular hourly rates and to reimburse T&K for the reasonable and necessary expenses incurred on the Debtor's behalf, T&K has not received any promises from the Debtor or any other person to compensate or reimburse T&K in connection with the Debtor's Chapter 11 case.

21. Neither T&K nor any partners of T&K have divided, paid over or shared, or agreed to divide, pay over or share, (a) any compensation it or they has or have received or may receive for services rendered or expenses incurred in connection with these cases with another party or person (except as among the partners, counsel and associates of T&K) or (b) any compensation another party or person has received or may receive for services rendered or expenses incurred in connection with these chapter 11 cases.

22. The proposed retention of T&K is not prohibited by or improper under Bankruptcy Rule 5002. T&K and the professionals it employs are qualified to represent the Debtor in the matters for which T&K is proposed to be retained. Collectively, the prepetition payments represent the reasonable value of the actual prepetition services rendered to the Debtor by T&K. T&K is not a prepetition creditor of the Debtor.

23. The foregoing constitutes the statement of T&K pursuant to Bankruptcy Code §§ 329, 504, and Bankruptcy Rules 2014(a) and 2016(b).

24. I have reviewed this Declaration and hereby declare under penalty of perjury that the foregoing is true and correct and within my own personal knowledge.

**Executed this 28th day of August, 2009**

                                                */s/ Rhett G. Campbell*
                                                **Rhett G. Campbell**
                                                **Senior Partner, Thompson & Knight LLP**