**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BASELINE OIL & GAS CORP.,** | § | **CASE NO. 09-36291** |
| | § | |
| **Debtor.** | § | **Chapter 11** |
| | § | |
| | § | |

---

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION
AND CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION**

On September 25, 2009, the Court held its hearing to consider (a) the adequacy of the Disclosure Statement filed with regard to the Prepackaged Plan of Reorganization of Baseline Oil and Gas Corp. pursuant to Chapter 11 of the Bankruptcy Code; (b) the approval of the Debtor's solicitation of acceptances and rejections of the Plan[1]; and confirmation of the Plan.  The Court having considered the evidence presented, including the testimony of Thomas R. Kaetzer, Patrick M. McGarey, Matt Cohen, Ira L. Herman, Millie A. Sall, and the Affidavit of Demetra L. Liggins Tabulating Ballots (the "Tabulation Affidavit"), any objection to confirmation and replies thereto, and upon all of the pleadings filed herein, and having heard and considered all arguments and evidence presented at the hearing on confirmation of the Plan, and on the basis of the evidence presented, the Court makes the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052:[2]

**1.      Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).**
This Court has jurisdiction over the Debtor's Chapter 11 Case under 28 U.S.C. §§ 157 and 1334.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.
[2] Any findings of fact shall constitute a finding of fact even if it is stated as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is stated as a finding of fact.

Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan, approval of the Disclosure Statement, and approval of the Solicitation Materials are core proceedings under 28 U.S.C. §§ 157(b)(2)(A) and (L), over which the Court has exclusive jurisdiction.

2.     **Judicial Notice.**  The Court takes judicial notice of the docket of this Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, and, to the extent appropriate, all evidence and argument made, proffered, or adduced at the hearing held before the Court.

3.     **Adequacy of Disclosure Statement.**  The Disclosure Statement, together with the Solicitation Package, (a) contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable non-bankruptcy law as provided in Section 1126(b)(1) of the Bankruptcy Code and (b) contains "adequate information," as such term is defined in Section 1125(a)(1) and as used in Section 1126(b)(2) of the Bankruptcy Code with respect to the Debtor, the Plan, and the transactions contemplated by the Plan.

4.     **Adequacy of Solicitation.**  Votes for acceptance or rejection of the Plan were solicited prior to the Petition Date from holders of Class 4 Claims in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rule 3018(b), and all other applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules under the circumstances.  All procedures used to distribute the Solicitation Packages to the appropriate holders of Claims in Class 4 entitled to vote on the Plan and to tabulate ballots are fair and have been conducted in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules and all other applicable rules, laws, and regulations.  The period during which the Debtor solicited acceptances to the Plan was reasonable and enabled holders of Claims in Class 4 to make an informed decision to accept or reject the Plan.

The Debtor was not required to solicit votes from Classes 1-3 or Classes 5-7 because each such class is unimpaired. Additionally, the Debtor was not required to solicit votes from Class 8 Interest as such Class shall receive no recovery under the Plan and is deemed to reject the Plan. The Debtor's prepetition solicitation of votes on the Plan from Class 4 complies with Court approved solicitation procedures[3], is appropriate and satisfactory under the circumstances, and complies with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable laws, rules and regulations. The Debtor, the Reorganized Debtor, the Prepetition Noteholders, the Exit Facility Lenders, the Indenture Trustee and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors to each of the foregoing that may have participated in the solicitation of acceptances and rejections of the Plan or participated in the formulation of the Plan, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules and, therefore, are entitled to the protections of Section 1125(e) of the Bankruptcy Code.

5.      **Transmittal and Mailing of Materials.** The Plan establishes classes 1-8 of Claims and Interests. Creditors in classes 1-3 and 5-7 are unimpaired by the Plan, are deemed to accept the Plan and no solicitation was necessary with regard to the Plan. Class 8 receives nothing under the Plan, is deemed to reject the Plan and no solicitation was necessary with regard to the Plan. Class 4 required solicitation and the Debtor solicited Class 4. Class 4 creditors are the beneficial holders of the Debtor's 12-1/2% Prepetition Notes and the Debtor's 15% Prepetition Notes. The Bank of New York Mellon ("BNYM") is the Indenture Trustee with regard to the

---

[3] The Debtor's prepetition solicitation procedures were approved pursuant to the Order Scheduling Hearing to Consider (A) Debtor's Prepetition Solicitation; (B) Confirmation of Debtor's Prepackaged Plan of Reorganization; (C) Debtor's Motion to Assume Executory Contracts; and (D) Granting Related Relief, dated September 1, 2009 [Docket No. 35].

Prepetition Notes.  The Solicitation Package was delivered to BNYM on July 21, 2009, which promptly transmitted same to The Depositary Trust Corp. ("DTC") for dissemination to the DTC participants and ultimately to the beneficial owners.  Additionally, the Debtor's counsel sent copies of the Solicitation Package to the DTC participants.  The prepetition delivery of Solicitation Packages, including the Ballot, is adequate and sufficient under the circumstances.  The Debtor has requested that the Court waive the requirements of Rule 3017(d).  Good cause exists for dispensing with the notice requirement in Bankruptcy Rule 3017(d) given the solicitation of acceptances of the Plan from all holders in Class 4 before the Petition Date.  Requiring such compliance would be a costly, unnecessary administrative burden on the Debtor because (i) Classes 1-3 and 5-7, comprised of hundreds of creditors, are conclusively presumed to have accepted the Plan due to their unimpaired status; and (ii) Class 8 Interests are deemed to have rejected the Plan because they are receiving nothing under the Plan.

6.     **Notice**.  In order to facilitate notice of these proceedings and the relevant filings, the Debtor established a web site <*www.tkworkplace.com/Baseline*> wherein it posted the Plan, Disclosure Statement, schedules, statement of affairs and first day pleadings.  On September 8, 2009, the Debtor by first class mail gave notice to the parties listed on the Global Service list filed as Docket No. 57-1 of (a) the existence and location of the web site, and (b) the hearing to determine the adequacy of the Disclosure Statement, the adequacy of the prepetition solicitation and to confirm the Plan (the "Confirmation Hearing").  Additionally, on September 17, 2009, the Debtor gave further notice of the Confirmation Hearing to creditors, interest holders, and parties-in-interest listed on the Global Service List filed as Docket No. 79-11.  Notice, as described herein, is adequate and sufficient under the circumstances and no other or further notice is or shall be required.

7.     **Section 341 Waiver**.  The only Impaired Class is Class 4.  Class 4 creditors have voted overwhelmingly to accept the Plan.  Holders of Interests are to receive no distribution under the Plan, are deemed to reject the Plan, and are not entitled to vote to accept or reject the Plan.  All other creditors of the Debtor are being fully paid and are not Impaired by the Plan.  For these reasons, the Court finds that cause exists to excuse the Debtor from any of the requirements of Section 341 of the Bankruptcy Code to appear at a meeting of creditors.

8.     **Impaired Class that Has Voted to Accept the Plan.**  Class 4 Prepetition Notes Claims is Impaired.  The Tabulation Affidavit evidences that all voting holders of Class 4 Claims voted to accept the Plan pursuant to the requirements of Sections 1124 and 1126 of the Bankruptcy Code.  Thus, at least one Impaired class of Claims has voted to accept the Plan.

9.     **Classes Deemed to Have Accepted the Plan.**  Class 1 (Administrative Claims), Class 2 (Priority Tax Claims), Class 3 (Other Priority Claims), Class 5 (Royalty Claims), Class 6 (Other Secured Claims), and Class 7 (General Unsecured Claims), are not Impaired by the Plan and are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and will receive the treatment required by Section 1124 of the Bankruptcy Code.  The Court has not required the Debtor to transmit copies of the Solicitation Package to holders of unimpaired Claims.

10.    **Class Deemed to Have Rejected the Plan.**  Class 8 Interests is Impaired, will not receive any distributions under the Plan, and are deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code.

11.    **Releases, Exculpations and Injunctions**.  Each of the release, exculpation and injunction provisions set forth in the Plan with respect to the Debtor, the Exit Facility Lenders, the Indenture Trutsee, and the Prepetition Noteholders and any of their respective directors, officers, employees, agents, representatives, partners, subsidiaries, affiliates, counsel, other advisors,

successors or assigns:  (a) is within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§1334(a), 1334(b), and 1334(d); (b) is an essential means of implementing the Plan pursuant to Section 1123(a)(5); (c) is an integral element of the transactions incorporated into the Plan; (d) confers material benefits on, and is in the best interests of, the Debtor, the Estate, and its creditors; (e) is important to the overall objectives of the Plan to finally resolve all Claims against the key parties in interest in the Chapter 11 Case with respect to the Debtor; and (f) is consistent with Sections 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code.  The Exit Facility is essential to the successful reorganization of the Debtor.  The Exit Facility Lenders have made clear their requirement of receiving the release, exculpation and injunction provisions contained in the Plan.  Without the consent of the Exit Facility Lenders, the Debtor is facing certain liquidation.  The record of the Confirmation Hearing and the Chapter 11 Case is sufficient to support the release, exculpation, and injunction provisions contained in the Plan.

**12.     Exit Financing Under Plan**.  The Plan contemplates that the Debtor will obtain the Exit Facility from certain of the Prepetition Noteholders to pay all Allowed Claims, transaction costs, and to fund working capital and other general corporate expenses of the Reorganized Debtor after the Effective Date.  The Exit Facility consists of new notes in and aggregate principal amount of $30 million represented by (a) $5 million in aggregate principal amount of the New Series A 20% Senior Secured Notes issued by the Reorganized Debtor to the Exit Facility Lenders in exchange for the New Cash Advance, and (b) $25 million in aggregate principal amount of the New Series B 20% Senior Secured Notes issued by the Reorganized Debtor to the Exit Facility Lenders in exchange for rolling forward $25 million of the Prepetition Notes held by the Exit Facility Lenders (the "Exit Facility").  The form of the documents evidencing the Exit Facility are attached to the Disclosure Statement as **Exhibits L, M, O, P, R, T and W** (the "Exit Facility

Documents"). All members of Class 4 were offered the opportunity to participate in the Exit Facility *pari passu*, as set forth in the Solicitation Package. The Debtor received acceptances, including the agreement to fund the Exit Facility, from Jefferies & Co. ($2,500,000 of notes), Jefferies High Yield Trading, LLC ($85,441,218 of notes), Third Point Offshore Master Fund, LP ($16,763,270 of notes) and Third Point Ultra Master Fund LP ($2,643,519 of notes). The Debtor and the Exit Facility Lenders each are acting in good faith and have negotiated the terms of the Exit Facility at arm's length. The Debtor's decision to accept and enter into the Exit Facility is the result of an extensive effort by the Debtor and its financial advisors to market the proposed financing to potential lenders and to obtain the best terms available. The Debtor, in consultation with its advisors, canvassed the market for such financings, identified all possible alternatives and selected the Exit Facility as the most favorable exit financing option available to the Debtor in light of the circumstances. The Debtor's entry into the Exit Facility Documents consistent with the Exit Facility, the granting of security interests, liens and mortgages to the Exit Lenders, and the payment of fees in connection therewith are in the best interest of the Debtor, the Estate, creditors, other parties-in-interest and is necessary to the consummation of the Plan. Without the Exit Facility, the Debtor would be forced to liquidate. All documents necessary to implement the Exit Facility shall, upon execution, be valid, binding, and enforceable agreements.

13. **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).** The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfies Section 1129(a)(1) of the Bankruptcy Code.

(a) **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).** The Plan designates eight classes of Claims and Interests. The Claims and Interests placed in each class are substantially similar to other Claims and Interests, as the case may be, in each

such class.  Valid business, factual, and legal reasons exist for separately classifying such classes of Claims and Interests, and such classifications do not unfairly discriminate among holders of Claims and Interests.  Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b)     **Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**  Article II of the Plan specifies that Classes 1, 2, 3, 5, 6 and 7 are unimpaired under the Plan, thereby satisfies Section 1123(a)(2) of the Bankruptcy Code.

(c)     **Specify Treatment Of Impaired Classes (11 U.S.C. § 1123(a)(3)).** Article II of the Plan designates Classes 4 and 8 as Impaired and specifies the treatment of the Claims and Interests in these classes, thereby satisfies Section 1123(a)(3) of the Bankruptcy Code.

(d)     **No Discrimination (11 U.S.C. § 1123(a)(4)).**  The Plan provides for the same treatment by the Debtor for each Claim or Interest in each class, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfies Section 1123(a)(4) of the Bankruptcy Code.

(e)     **Implementation Of Plan (11 U.S.C. § 1123(a)(5)).**  The Plan provides adequate and proper means for its implementation, thereby satisfies Section 1123(a)(5) of the Bankruptcy Code.

(f)     **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).**  Article III.E, Section 3.1 of the Plan provides that the certificate of incorporation of the Reorganized Debtor will be amended as of the Effective Date to the extent necessary to satisfy Section  1123(a)(6) of the Bankruptcy Code.

(g)    **Selection Of Officers And Directors (11 U.S.C. § 1123(a)(7)).**  In its Disclosure Statement, the Debtor disclosed that the post-confirmation officers and directors will be: Thomas R. Kaetzer, president and director; Patrick H. McGarey, chief financial officer; Randal B. McDonald, Jr., controller; Joshua Targoff and Brian Wolfe, additional directors.  The background and identity of these individuals is set forth in the Disclosure Statement.  There are no written post-confirmation employment agreements and the officers shall be employed by the Reorganized Debtor on an "at-will" basis.  Thus, the Debtor has adequately disclosed or otherwise identified all individuals proposed to serve on or after the Effective Date as an officer or director of the Reorganized Debtor. The manner of selection and appointment of such officers and directors is consistent with the interest of the Debtor, its Estate, creditors, and with public policy and, accordingly, satisfies the requirements of Section 1123(a)(7) of the Bankruptcy Code.

14.    **Compliance With Bankruptcy Rule 3016.**  The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).

15.    **Compliance With Bankruptcy Rule 3017.**  The Debtor has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(a).  The Solicitation Packages were transmitted to the holders of Class 4 Claims prior to the Petition Date.  Accordingly, the Court finds that compliance with Bankruptcy Rule 3017(d) does not apply to a prepetition solicitation or alternatively is not necessary or required in this Chapter 11 case.

16.    **Compliance With Bankruptcy Rule 3018.**  The solicitation of acceptances and rejections of the Plan satisfies Bankruptcy Rule 3018(b).  The Solicitation Package was transmitted prior to the Petition Date to the only Class of Claims entitled to vote on the Plan (Class

4), adequate and sufficient time was prescribed for such class to accept or reject the Plan, and the Solicitation Packages and the solicitation procedures comply with Section 1126 of the Bankruptcy Code, thereby satisfying the requirements of Bankruptcy Rule 3018.

17.     **Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(2)).**  The Debtor has complied with all provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the Court has dispensed with any such requirement.

18.     **Plan Proposed In Good Faith (11 U.S.C. § 1129(a)(3)).**  The Debtor has proposed the Plan in good faith and is not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances of the record regarding the formulation of the Plan and its solicitation.  The Debtor filed its Chapter 11 Case and proposed the Plan with legitimate and honest purposes including, among other things, (a) effect the reorganization of the Debtor's business; (b) preserve the going concern value of the Debtor's business and maximize the value available to creditors; (c) restructure of the Debtor's capital structure; and (d) preserve jobs for the Debtor's employees by continuing operations.  Furthermore, the Plan reflects and is the result of arms' length negotiations between the Debtor and the holders of Class 4 Claims, and is consistent with the best interests of the Debtor, its Estate and creditors.

19.     **Payments For Services Or Costs And Expenses (11 U.S.C. § 1129(a)(4)).**  All payments made or to be made by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

20.     **Directors, Officers, And Insiders (11 U.S.C. § 1129(a)(5)).**   The Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code.   The identity and affiliations of the individuals who will serve as directors and officers of the Reorganized Debtor after confirmation of the Plan have been fully disclosed.   Such individuals' appointment to such offices is consistent with the interests of holders of Claims against and Interests in the Debtor and with public policy.   Additionally, the Debtor identified the identity and compensation of any insiders expected to be employed or retained by the Reorganized Debtor after the Effective Date.

21.     **No Rate Changes (11 U.S.C. § 1129(a)(6)).**   The Debtor's Plan does not provide for any rate change that requires regulatory approval.   Section 1129(a)(6) of the Bankruptcy Code is thus not applicable.

22.     **Best Interests Of Creditors (11 U.S.C. § 1129(a)(7)).**   The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.   The liquidation analysis attached as **Exhibit E** to the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (a) is persuasive and credible, (b) is uncontroverted by other evidence, and (c) establishes that each holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

23.     **Deemed Acceptance Or Rejection By Certain Classes (11 U.S.C. § 1129(a)(8)).** Classes 1, 2, 3, 5, 6, and 7 are classes of unimpaired Claims that are conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code.   Class 8 is not receiving anything under the Plan, therefore, is deemed to have rejected the Plan under Sections 1124 and 1126 of the Bankruptcy Code.

24.     **Treatment Of Administrative And Priority Claims (11 U.S.C. § 1129(a)(9)).**
The treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims pursuant to Article II of the Plan satisfies Sections 1129(a)(9)(A), (B), and (C) of the Bankruptcy Code.

25.     **Acceptance of Impaired Class (11 U.S.C. § 1129(a)(10)).**  Class 4 is Impaired and voted to accept the Plan in accordance with Sections 1126(c) and (d) of the Bankruptcy Code. As set forth in the Tabulation Affidavit, 100% in amount of those holders of Class 4 Claims voting on the Plan voted to accept the Plan.

26.     **Feasibility (11 U.S.C. § 1129(a)(11)).**  The financial information set forth in the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing or in support of confirmation of the Plan with respect to feasibility, including the testimony of Thomas R. Kaetzer and Loretta Cross, (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Reorganized Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

27.     **Payment Of Fees (11 U.S.C. § 1129(a)(12)).**  All fees payable under 28 U.S.C. § 1930, as determined by the Court have been paid or will be paid on the Effective Date pursuant to Article XI of the Plan, thus the Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

28.     **Retiree Benefits (11 U.S.C. § 1129(a)(13)).**  With the sole exception of the Retained Plans, all employee compensation, benefit and pension plans, and employment agreements or settlements reached thereunder of the Debtor, including benefit plans and programs subject to Sections 1114 and 1129(a)(13) of the Bankruptcy Code entered into before or after the Petition Date and not since terminated, shall be deemed to be, and shall be treated as if they were, terminated executory contracts.  Each Retained Plan will be treated as if it were an executory

contract assumed hereunder, and the Debtor's respective obligations under each such Retained Plan shall survive Confirmation of the Plan, as an obligation of the Reorganized Debtor.

29.     **Cramdown; Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)(2)(A))**.  Prior to the Petition Date, the Debtor and the majority holders of Class 4 Claims negotiated the treatment provided in the Plan.  As evidenced by the Tabulation Affidavit, the requisite number in dollar amount and number of Claims in Class 4 voted to accept the Plan treatment.  Accordingly, the requirements of Section 1129(b)(2)(A) of the Bankruptcy Code are satisfied.  With respect to Class 8 Interests, which class is deemed to reject the Plan, there is no holder of any interest that is junior to Class 8 that will receive or retain anything under the Plan.  Accordingly, the requirements of Section 1129(b)(2)(C) of the Bankruptcy Code are satisfied.  The Plan does not discriminate unfairly and is fair and equitable with respect to Impaired Classes 4 and 8 as required by Section 1129(b)(1) of the Bankruptcy Code, and thus can be confirmed notwithstanding the rejection of the Plan by Class 8.

30.     **Valuation; Fair and Equitable; No Unfair Discrimination (11 U.S.C. §§ 1129(b)(1) and 1129(b)(2)(C))**.  Except for Classes 4 and 8, the other classes of Claims will be paid in full in accordance with the Plan provisions.  Class 4 has accepted the Plan.  Class 8 Interests are deemed to reject, as they are to receive no distribution under the Plan.  The Court has heard the expert testimony offered by Loretta Cross on behalf of the Debtor.  The Court finds the uncontroverted testimony offered by Loretta Cross to be credible as to the value of the Debtor.  Based upon such expert testimony, and other testimony proffered or adduced, the Court finds that total Claims against the Debtor are approximately $138.2 million, and the fair market value of the Debtor's assets are approximately $82.1 million.  Class 4 Prepetition Notes Claims are in the aggregate of $132.3 million as of June 30, 2009, and will receive a combination of New Notes and

New Stock with a value of $82 million on account of their Claims. Based on these numbers, the aggregate percentage recovery for the Class 4 Prepetition Notes Claims is estimated to be 61.9%. Class 8 is a junior Impaired class of Interests receiving no distribution under the Plan and deemed to reject the Plan pursuant to Section 1126(g). The Plan does not discriminate unfairly and is fair and equitable with respect to Class 8 as required by Section 1129(b)(1) of the Bankruptcy Code in that there is insufficient value in the Debtor's assets to produce payment in full to Class 4, which consented to payment of Classes 1, 2, 3, 5, 6 and 7 in full and which has prior rights to Class 8. The Plan may be confirmed notwithstanding the Debtor's failure to satisfy Section 1129(a)(8) of the Bankruptcy Code as to Class 8. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all classes of Claims and Interests, including, but not limited to, Class 8.

31.     **Burden Of Proof.**  The Debtor, as proponent of the Plan, has met its burden of proving the elements of Sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

32.     **Only One Plan (11 U.S.C. § 1129(c))**.  Other than the Plan, no other plan has been filed in the chapter 11 cases. Therefore, the Plan satisfies Section 1129(c) of the Bankruptcy Code.

33.     **Principal Purpose (11 U.S.C. § 1129(d)).**  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no party has objected to the confirmation of the Plan on any such grounds. Therefore, the Plan therefore satisfies Section 1129(d) of the Bankruptcy Code.

34.     **Good Faith Solicitation (11 U.S.C. § 1125(e)).**  Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, equity holders, members, agents, advisors, accountants, financial advisors, consultants, attorneys, and other

representatives have acted in good faith within the meaning of Section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules in connection with all of their activities relating to the solicitation of acceptances and rejections of the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation and injunctive provisions in the Plan, including those provisions set forth in Article X of the Plan.

35.     **No Objection to Disposition of Contracts and Leases**.  Other than as provided herein, no party to an executory contract or unexpired lease to be assumed by the Debtor or rejected by the Debtor pursuant to Art. V, A, 5.1 of the Plan has objected to the assumption or rejection thereof.  The Debtor is not in default under any of the executory contracts and unexpired leases designated for assumption, therefore, no cure damages or adequate assurance of future performance is to be allowed or required.  The conditions to the assumption of the Agreement for Electric Service between the Debtor and United Electric Cooperative Services, Inc. dated July 15, 2008 have been resolved and provided for in the Confirmation Order. The issues raised by 411 NSHP Partners, L.P. regarding the Debtor's rejection of the office Lease Agreement dated October 26, 2007 have been resolved and provided for in the Confirmation Order.  The objection raised by IndemCo, LP has been resolved and addressed in the Confirmation Order.

36.     **No Liquidation**.  Because the Plan does not provide for the liquidation of all or substantially all of the property of the Debtor's estate, and the Reorganized Debtor will engage in business following consummation of the Plan, Section 1141(d)(3) of the Bankruptcy Code is not applicable.

37.     **Satisfaction Of Confirmation Requirements.**     The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

38.     **Retention Of Jurisdiction.**  The Court may properly retain jurisdiction over the matters set forth in Article IX of the Plan and Section 1142 of the Bankruptcy Code.

39.     **Reorganized Debtor Not Liable For Pre-Effective Date Claims.**  Except to the extent expressly stated under the Plan, the Reorganized Debtor shall not be liable as a successor or otherwise for any claim or cause of action arising prior to the Effective Date of the Plan.

40.     **Reorganized Debtor to Resume Business in the Ordinary Course**.  Except as otherwise agreed to by the Debtor and a vendor, the Reorganized Debtor shall continue its business practices and shall perform in accordance with existing contractual terms after the Effective Date. Any order of this Court (including orders granting utility providers adequate assurance of performance during the pendency of this Chapter 11 Case) requiring the Debtor to perform in accordance with different terms shall have no force or effect post-Effective Date.

41.     **Waiver Of Stay Under Bankruptcy Rules.**     Under the totality of the circumstances, and based on the entire record made in this Chapter 11 Case, the ten-day stay imposed by Bankruptcy Rules 3020(e) and 6006(d) are hereby waived.


DATED:  _____


_____
**UNITED STATES BANKRUPTCY JUDGE**